IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:02-CR-132-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TRACY LADALE CARROLL | ) | |

This matter is before the Court on defendant's motion for early termination of his term of supervised release. [DE 54]. The government has responded in opposition [DE 56], and the matter is ripe for ruling.

After pleading guilty to one count of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine and one count of possession of a firearm during and in relation to a drug trafficking crime, defendant was sentenced on December 4, 2002, to a term of 180 months' imprisonment on Count One and 60 months' concurrent imprisonment on Count Two, followed by a term of five years' supervised release on each count, to be run concurrently. [DE 18; 19]. After a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), defendant began his term of supervised release in January 2014. Defendant now seeks early termination of his supervised release term, which is scheduled to end in January 2019. Defendant argues, among other reasons, that he has worked a steady job, moved up in the company, and obtained a certification in his field of work while on supervised release thus far. [DE 54].

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553(a). Second, the Court may terminate supervised release only "if it is

satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

While the Court commends defendant for his behavior, all defendants are required to comply fully with the terms of their supervised release, and such compliance is insufficient to warrant early termination. *See Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases). Upon review of defendant's motion and consideration of the relevant § 3553(a) factors, the Court finds that defendant's supervised release term remains sufficient but not greater than necessary to serve the interests of justice. Accordingly, in its discretion, the Court declines to terminate defendant's term of supervised release early. Defendant's motion is DENIED. [DE 54].

SO ORDERED, this **28** day of April, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE